IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| David Hiser,<br><br>      Plaintiff,<br><br>  vs.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a corporation sole; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a corporation sole,<br><br>      Defendants. | Case No. 6:21-cv-00280-AA<br>**ORDER** |

AIKEN, District Judge:

      Plaintiff David Hiser brings this diversity action against defendants Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints and Corporation of the President of the Church of Jesus Christ of Latter-Day

Page 1 – OPINION AND ORDER

Saints and Successors seeking damages related to abuse he experienced while participating in youth programs sponsored by defendants.

On March 22, 2021, defendants filed a Notice asserting that a March 17, 2021 Order of the Bankruptcy Court for the District of Delaware in the Boy Scouts of America's bankruptcy proceedings had stayed this action through and including 11:59 p.m. prevailing Eastern Time on July 19, 2021. Doc. 9 (citing *In re Boy Scouts of Am. & Delaware BSA, LLC*, Chapter 11 No. 20-10343 (LSS), Adv. Pro. No. 20-50527 (LSS), Adv. Dkt. No. 162 (Bankr. D. Del. Mar. 17, 2021) ("Bankruptcy Court Order")). The Court held a status conference regarding the Notice on April 1, 2021 and, before the status conference, the parties submitted letters outlining their positions on the effect of the Bankruptcy Court Order.

As noted, defendants assert that the Bankruptcy Court Order has stayed this action. Although he acknowledges that this action is included in a schedule of actions subject to the Bankruptcy Court Order, plaintiff contends that the stay should not apply to his claims. Defendants contend that the Bankruptcy Court has exclusive jurisdiction over this issue.

Having reviewed the parties' submissions and the Bankruptcy Court Order, this Court finds that, on its face, the Bankruptcy Court Order has stayed this action. The Bankruptcy Court entered the Order pursuant to 11 U.S.C. §§ 105(a) and 362(a). Section 362(a) automatically stays any "proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case

under this title." "Section 105(a) gives the bankruptcy courts the power to stay actions that are not subject to the [§ 362(a)] automatic stay[] but threaten the integrity of a bankrupt's estate." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007) (internal quotation marks and footnote omitted); *see also* 11 U.S.C. § 105(a) ("The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). Although plaintiff argues that this action does not threaten the integrity of the Boy Scouts' estate, this Court agrees with defendants that the parties' dispute concerning the scope of the stay must be resolved by the Bankruptcy Court. Under paragraph 13 of the Bankruptcy Court Order, the Bankruptcy Court "retain[ed] jurisdiction to hear and determine all matters arising or related to the implementation, interpretation and/or enforcement of this [Order]."

Accordingly, this action is STAYED pursuant to the Bankruptcy Court Order. The parties are directed to file a Joint Status Report with this Court within 30 days of either the Bankruptcy Court's resolution of any challenge to the scope of the stay brought by plaintiff or the termination of the stay period, whichever occurs first.

IT IS SO ORDERED.

Dated this <u>2nd</u> day of April 2021.

_____/s/Ann Aiken_____
Ann Aiken
United States District Judge
